IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SABRINA DREW, Individually, and as Personal Representative of the Estate of Danny Williams, deceased, and ROY HENDERSON, ) ) ) ) ) | |
| Plaintiffs, ) | |
| vs. ) | CIVIL ACTION NO. 11-0346-KD-B |
| CITY OF ATMORE, et al., ) ) ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the Plaintiffs' combined motion for leave to file amended complaint outside of scheduling order guidelines and proposed amended complaint (doc. 25), the response filed by the City of Atmore (doc. 28), and the Plaintiffs' reply (doc. 32). Upon consideration and for the reasons set forth herein, the motion is DENIED.

Since the district courts "must issue a scheduling order[]" which "must limit the time . . . to join other parties" and "amend the pleadings….", Fed. R. Civ. P. 16(b)(1) and (3), this Court entered a Rule 16(b) Scheduling Order which set a deadline of October 31, 2011. (Doc. 8). Plaintiffs now seek leave to amend after the deadline. In that circumstance, leave to amend will be given only upon a showing of "good cause" under Rule 16(b)(4).[1] *Smith v. School Bd. of*

---

[1] After entry of the Rule 16(b) Scheduling Order, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In contrast, Rule 15(a) of the Federal Rules of Civil Procedure applies when the motion for leave to amend is filed before the deadline and under that Rule "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." After entry of the Rule 16(b) Scheduling Order, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

*Orange Cty.*, 487 F.3d 1361, 1366 (11th Cir. 2007); *Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). "The good cause standard articulated by Rule 16(b) precludes modification of a scheduling order deadline unless it cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F. 3d at 1418 (citations omitted); *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1319 (11th Cir. 2008) (to establish good cause under Rule 16(b), "the party seeking [leave of court] must have been diligent."). However, "if a party was not diligent, the good cause inquiry should end." *Sosa*, 133 F. 3d at 1418 (internal brackets omitted).

Plaintiffs have failed to establish any reason why they could not have filed their motion for leave to amend during the six week time period between receipt of the initial disclosures on September 12, 2011 and the deadline of October 31, 2011. Instead, Plaintiffs waited over three months after receipt, and six weeks after the deadline, to file their motion for leave to amend. Plaintiffs state that the City produced its initial disclosures on September 12, 2011, and that these disclosures contained the identify of the officers and agencies involved in the incident and the investigation. (doc. 25, p. 1). The City explains that the incident giving rise to the death of Sabrina Drew's husband Danny Williams was investigated by the Florida Department of Law Enforcement (FDLE) and the Office of the State Attorney for the First Judicial Circuit of Florida (doc. 28, p. 2-3). The City disclosed a memorandum which was prepared by Assistant State Attorney John Molchan and addressed to the FDLE agent in charge of the investigation. (doc. 28, Exhibit A). The officers involved in the incident and the investigation are identified in the memorandum. (*Id*). The City also disclosed investigative summaries prepared by the FDLE and

witness statements taken by the FDLE. (doc. 28, p. 3).

In support of their motion, Plaintiffs state that they are "in the process of scheduling the depositions of the individuals sought to be named". (doc. 25) However, waiting until December 2011, to begin scheduling depositions despite having received initial disclosures in September, and responses to discovery requests in early November 2011, does not demonstrate due diligence in attempting to meet the October 31, 2011. In their reply, Plaintiffs state that once they "determined the officers involved through discovery", they "sought leave to amend" and that "the individual officers were not confirmed until very recently". (doc. 32). The Court is unsure what the Plaintiffs mean by "confirmed" or "very recently".[2] By their own admission Plaintiffs had received, by way of the City's initial disclosures, a copy of the investigative reports, witness statements, and memorandum by the Florida Assistant State Attorney, as early as September 12, 2011, well before the December 14, 2011 motion for leave to amend was filed.

DONE this the 30th day of January, 2012.

 s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[2] In the motion, Plaintiffs state that the City responded to their discovery requests on November 9, 2011. Perhaps it is this response from which they argue that the "individual officers were not confirmed until very recently". But even then, Plaintiffs waited more than another month to file their motion for leave to amend.